UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RAFAEL PENA TREJO,

    Petitioner,

v.

JASON KNIGHT, *et al.*,

    Respondents.

Case No. 2:26-cv-00197-RFB-DJA

**ORDER GRANTING PRELIMINARY INJUNCTION**

Before the Court is Petitioner Rafael Peña Trejo's motion for preliminary injunctive relief (ECF No. 2).[1] Through it, he challenges the lawfulness of his ongoing detention at Henderson Detention Center ("HDC") in Henderson, Nevada. See generally ECF No. 2. On January 28, 2026, this Court ordered Respondents to explain why this Court should not issue preliminary injunctive relief. See ECF No. 4 (order to show cause). Respondents filed their response on February 2, 2026. See ECF No. 8 [hereinafter, "Opposition"]. Petitioner replied on February 5, 2026. See ECF No.

---

[1] Although Petitioner seeks a temporary restraining order, see generally ECF No. 2, the Court treats his motion as a request for a preliminary injunction. Both forms of injunctive relief are subject to the same legal standard. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Respondents were given notice of this motion, as required by the Federal Rules of Civil Procedure. See FED. R. CIV. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). And Respondents have taken advantage of their opportunity to respond. See generally ECF No. 8. Since Petitioner's freedom is on the line, the Court finds that it does not need additional briefing or an evidentiary hearing to issue a preliminary injunction. See Aparicio v. Noem, No. 2:25-cv-01919-RFB-DJA, 2025 WL 2998098, at \*4 (D. Nev. Oct. 23, 2025); see also Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson, 799 F.2d 547, 555 (9th Cir. 1986) (clarifying that a district court may rely solely on briefing, and the affidavits of the parties, where the urgent need for injunctive relief so requires). Therefore, pursuant to its inherent authority to manage its own docket, the Court converts Petitioner's Motion for Temporary Restraining Order into one for a preliminary injunction. See Dietz v. Bouldin, 579 U.S. 40, 45 (2016) ("[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (citations and quotation marks omitted).

10. For the following reasons,[2] the Court grants the Motion and orders Respondents to afford Petitioner a bond hearing under 8 U.S.C. § 1226(a) by **February 14, 2026**.

### I.  DISCUSSION

As a preliminary matter, the Court makes the following findings of fact based on Petitioner's *verified*, undisputed factual allegations and the evidence the Parties supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (quoting Whitten v. Tomlinson, 160 U.S. 231, 242 (1895)). Petitioner is a 57-year-old Mexican citizen who has been enmeshed in this country's immigration system for decades. See ECF 8-1 at 4 (Petitioner's I-213, *i.e.*, his record of inadmissibility/deportability) [hereinafter, "I-213"]. He has entered—and left—the United States several times. See id. His most recent entry was more than two decades ago; he was not inspected or apprehended by immigration authorities at that time. See id. Since then, Petitioner has lived within our country without incident, and he has established robust familial, financial, and community ties in the United States. See ECF No. 1 at 18 [hereinafter, "Verified Pet."]. So much so that he has five children who are U.S. citizens. See id. at 8. Nonetheless, Petitioner is currently being held at HDC, and he has been in ICE custody since January 12, 2026, when ICE officers arrested him pursuant to an administrative warrant. See id. at 1; see also Opposition at 7. Federal Respondents assert that he is being held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), meaning that he is being held without an opportunity for release on bond. See Opposition at 10; cf. also 8-2 at 5 (Petitioner's notice to appear).

Initially, this Court previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners—*i.e.*, long-term U.S. residents arrested in the interior and detained without the opportunity for release on bond—were being detained in violation of the INA and due process. See id. at *10–26. The Court incorporates by reference and adopts those same legal conclusions and findings here.

Moreover, the Court has already found it has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention. Specifically, the Court has found that the

---

[2] Outside of the Court's own analysis, the Court also recognizes that Petitioner is a member of the class certified in Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), and that the District Court's Order in Bautista has recently become final, extending declaratory relief to the class. See Bautista, 2025 WL 3713987, at *32.

relevant jurisdiction stripping provisions of the INA, codified at 8 U.S.C. § 1252, do not apply to his claim(s); the Court fully incorporates by references its prior findings on this point. See Escobar Salgado, 2025 WL 3205356, at *8–10; Hernandez Duran v. Bernacke, No. 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (D. Nev. Nov. 19, 2025); Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715, at *2–3 (D. Nev. Jan. 26, 2026). The Court also fully incorporates by reference its prior finding that administrative exhaustion is excused as futile due to the BIA's decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). See Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5–6 (D. Nev. Nov. 24, 2025).

Furthermore, the Court finds that Petitioner has satisfied the Winter factors and is therefore entitled to a preliminary injunction ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunctive relief). To obtain such relief, a plaintiff "must show that: (1) [they are] likely to succeed on the merits, (2) [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [their] favor, and (4) an injunction is in the public interest." Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (citation omitted).

First, the Court finds Petitioner has established a likelihood of success on the merits of his statutory and due process challenges to his continued detention for the same reasons set forth in Escobar Salgado regarding Petitioners Reyes-López and Mena-Vargas.[3] With respect to the INA challenge, Respondents assert that § 1225(b)(2) applies to Petitioner and mandates his detention without a bond hearing. Meanwhile, Petitioner argues Respondents' interpretation of the statutory scheme of § 1225 and § 1226 is erroneous, and that he, as a long-time resident arrested in the interior, is subject to § 1226(a). This Court agrees with Petitioner and incorporates by reference its holding and findings in Escobar Salgado. See Escobar Salgado, 2025 WL 3205356, at *10–22. Further, the Court finds Petitioner has established a likelihood of success on the merits of his procedural and substantive due process challenges to his prolonged detention without an individualized bond hearing. The procedural due process factors under Mathews v. Eldridge, 424 U.S. 319 (1976), weigh heavily in favor of Petitioner because (1) the private interest affected is

---

[3] Since the Court is awarding preliminary injunctive relief based on Petitioner's INA and due process claims, the Court does not reach Petitioner's claim under the Administrative Procedure Act at this time.

the fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have the sole, unguided, and unreviewable discretion to detain Petitioner without any individualized showing of why his detention is warranted; and (3) the government's interest in enforcing immigration law is served by an individualized determination by an immigration court—based on a review of evidence presented by the government and the noncitizen—as to whether the noncitizen is dangerous or at risk of fleeing removal proceedings under existing, well-established procedures. See id. 334–35; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Moreover, the government has no interest in the unjustified deprivation of a noncitizen's liberty. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (civil immigration detention is permissible only to prevent flight or to protect against danger to the community). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

Second, because this Court has already concluded that Petitioner is being detained in violation of his constitutional due process rights, it follows "inexorably" that Petitioner has carried his burden as to irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017).

Third, the minimal—if not nonexistent—burden on the government of adhering to their own established procedures, as compared to the preventable human suffering—*e.g.*, financial and emotional burdens on both Petitioner and his family, in addition to the fundamental harm of arbitrary detention without meaningful due process—demonstrates that the balance of the equities and public interest tip sharply in Petitioner's favor. See id. at 995–96 ("[T]he public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Turning to the scope of relief, injunctive relief "should be no more burdensome to the

defendant than necessary to provide complete relief to the plaintiffs before the court." E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up). "Where relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown[.]" Id. (citation omitted). The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall . . . dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243). Here, the Court finds that the specific harm suffered by Petitioner—prolonged detention without a bond hearing pursuant to the government's unlawful policy—is remedied by ordering Respondents to provide Petitioner with an individualized bond hearing pursuant to § 1226(a) by **February 14, 2026**. Given the due process rights at stake, if a bond hearing is not provided promptly within that time frame, Petitioner shall be immediately released unless, and until, it is determined that his detention is warranted under 8 U.S.C. § 1226(a) and its implementing regulations.

With respect to bond, under Federal Rule of Civil Procedure 65(c), a court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, 'the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" Id. (citation modified) (quoting Jorgensen, 320 F.3d at 919). Respondents have not argued that providing Petitioner a bond hearing will be costly. Therefore, the Court declines to impose bond beyond the amount that may be imposed by an immigration judge under § 1226(a) upon a grant of bond.

Finally, the Court expresses no opinion of Petitioner's ability to obtain fees pursuant to the Equal Access to Justice Act ("EAJA"). Put simply, Petitioner has yet to request any fees under this

statute, and the Court need not address a non-existent request. See ECF No. 10 at 4 ("Mr. Peña Trejo has not included consideration nor requested [EAJA fees] in either his Petition or Motion . . . ."). In light of the extraordinary case load created by the government's novel mandatory detention policy, Respondents are advised that they do not have to oppose issues that are not ripe for this Court's consideration. In doing so, they expend this Court's—and their own—limited resources.

## II.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's motion for preliminary injunctive relief (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **February 14, 2026**.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Thus, in the event that bond is granted, the Court **ENJOINS** Respondents from invoking the automatic stay to continue Petitioner's detention, as the Court has already found that the automatic stay is unconstitutional. The Court incorporates that finding by reference here. See Herrera v. Knight, No. 2:25-cv-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sep. 5, 2025).

If bond is granted, Respondents are **ORDERED** to immediately release Petitioner. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, and, therefore, the Court **FURTHER ORDERS** that Petitioner be afforded until **March 14, 2026,** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by **February 14, 2026**, Petitioner shall be immediately released unless, and until, it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

**IT IS FURTHER ORDERED** the Parties shall file a joint status report by **February 17, 2026**. The status report shall detail when the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If the bond hearing does not occur by **February 14,**

**2026,** the status report shall confirm Petitioner's release from detention in compliance with this Order.

      **IT IS FURTHER ORDERED** that on or before **February 24, 2026**, the Parties shall file a stipulated proposed scheduling order for full briefing on the merits of the petition for a writ of habeas corpus (ECF No. 1).

      **DATED**: February 11, 2026.

                                    **RICHARD F. BOULWARE, II**
                                    **UNITED STATES DISTRICT JUDGE**